## Case No. 13,754.

### TARLTON v. TIPPETT.

[2 Cranch, C. C. 463.] [1]

Circuit Court, District of Columbia. April Term, 1824.

SLAVERY—PETITION FOR FREEDOM—RETURN FROM FOREIGN COUNTRY—RESIDENCE.

1. If the owner of a slave in the county of Washington carries her to a foreign country with intent there to reside permanently, and does there reside with her for more than twelve months and is then compelled to quit that country, and returns to the county of Washington, bringing the slave with him there to reside. the slave, by such importation, becomes entitled to her freedom.

2. But if the owner be sent to such foreign country as a special agent of the government of the United States, at a stated salary, with an uncertainty, depending upon contingencies, whether he should remain there or return after accomplishing the purpose of his mission, and is compelled to leave the country before he had actually settled himself as a permanent resident there, then the taking the slave with him and bringing her back, is not an importation against the Maryland act of 1796, c. 67.

[This was an action by negro Fanny Tarlton against Cartwright Tippett.]

Petition for freedom. Mr. Alexander Scott had been appointed by the president of the United States, an agent to Caraccas in South America. He went with an intention to remain permanently, if certain events should happen. He took the petitioner with him, and she remained there with him more than a year. The event not having occurred upon which his decision to reside there permanently was to be founded, he returned to reside here, and brought her with him.

Mr. Turner, for petitioner, moved the court to instruct the jury that "if they should believe from the evidence that Mr. Scott, at the time of his leaving the District of Columbia, for Caraccas, meant permanently to reside there, with his family, and did so reside for upwards of twelve months, carrying with him and there retaining the petitioner; and that his leaving there was owing to compulsion, and not to his will, then the petitioner is entitled to a verdict in her favor."

THE COURT (MORSELL, Circuit Judge, contra) gave the instruction.

Whereupon Mr. Jones, for the defendant, prayed the court to instruct the jury "that if they find from the evidence that the said Scott proceeded to Caraccas in a public character on a secret mission for the government, and on a stated salary; that he also had some ulterior and contingent views of remaining longer at Caraccas than was necessary for the purposes of his mission, and of engaging there in business; but that when he departed from the District for Caraccas, the duration of his abode there and the business he should engage in, were undetermined and uncertain, and dependent upon circumstances; and that, at the time of his being compelled to leave Caraccas, he had not actually settled himself as a permanent resident there, but still remained there undecided as to the duration of his residence, or the footing on which he should establish himself, then the bringing the petitioner back from Caraccas to Maryland and from Maryland to this District, was not an importation against the act of assembly."

Which instruction THE COURT gave, as prayed (THRUSTON, Circuit Judge, dissenting).